UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WASHINGTON POST COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-2622 (ABJ) |
| SPECIAL INSPECTOR GENERAL FOR AFGHANISTAN RECONSTRUCTION, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Pursuant to Federal Rules of Civil Procedure 56 and 58, and for the reasons stated in the accompanying Memorandum Opinion, it is **ORDERED** that SIGAR's motion for summary judgment [Dkt. # 19] and The Post's cross-motion for summary judgment [Dkt. # 22] are both **GRANTED IN PART and DENIED IN PART**.  It is the Court's ruling that:

1) The Post has standing to bring each of the claims in its complaint;

2) The Post was not required to exhaust administrative remedies before bringing this suit;

3) The Post's claim as to the timeliness of defendants' production is denied as moot;

4) Summary judgment will be granted for SIGAR with respect to the adequacy of its search for responsive records;

5) Both parties' motions with respect to Exemption 1 will be denied without prejudice, and the issue will be remanded to the State Department for a more fulsome explanation of the documents withheld under Exemption 1 and the national security concerns they implicate;

6) Both parties' motions with respect to SIGAR's withholding of personally identifying information of interviewees and third parties under Exemption 7(C) will be denied without prejudice, and SIGAR must supplement the record with

information about the each of the protected individuals' statuses as a private citizen and whether they are properly covered by the Exemption; in addition, both parties' motions will be denied without prejudice until SIGAR has had the opportunity to provide additional information to support its reliance on Exemption 6 and 7(C) to withhold interview codes, the location of interviews, and audio recordings;

7) Summary judgment will be granted in favor of SIGAR with respect to its reliance on Exemptions 7(A), 7(E), and 7(F); and

8) The issue of the State Department's reliance on Exemption 3 to withhold documents pursuant to the National Security Act will be remanded to the agency for more details on who at the agency has the authority to invoke the National Security Act, and who was involved in making the redactions in this case.  Both parties' motions as to this issue will be denied without prejudice until the Court receives the supplemental information.

9) Defendant's motion for summary judgment with respect to Exemption 5 and the deliberative process privilege and plaintiff's motion will be denied without prejudice pending the receipt of any supplemental information in accordance with this opinion.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: September 15, 2020